# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ELIZABETH ANNETTE GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-363-CG** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,[1]** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court are two Motions filed through counsel by Plaintiff Elizabeth

Annette Garcia. First, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure,

Plaintiff requests authorization for Plaintiff's counsel, Mr. Casey L. Saunders, to seek

attorney's fees under 42 U.S.C. § 406(b)(1). *See* Pl.'s R. 60(b)(6) Mot. (Doc. No. 31) at

1-4; J. (Doc. No. 28) at 1 (Sept. 30, 2015); *McGraw v. Barnhart*, 450 F.3d 493, 504-05

(10th Cir. 2006). Second, assuming the granting of Plaintiff's first request, she moves for

an award of attorney fees in the amount of $11,822.65 under 42 U.S.C. § 406(b). *See* Pl.'s

Mot. Att'y Fees (Doc. No. 32); Pl.'s Br. (Doc. No. 33).

On September 30, 2015, the Court entered Judgment reversing the Acting

Commissioner's final decision denying Plaintiff's application for disability insurance

benefits and remanding this case for further administrative proceedings under the fourth

---

[1] The current Acting Commissioner is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

sentence of 42 U.S.C. § 405(g). *See* J. at 1. On June 16, 2017, Mr. Saunders received a copy of Plaintiff's Notice of Award of entitlement to monthly disability benefits from the Social Security Administration. Pl.'s R. 60(b)(6) Mot. at 3; *see* Pl.'s Notice of Award (Doc. No. 31-2) at 2. The Social Security Administration awarded Plaintiff $47,290.60 in past-due benefits and has withheld 25 percent of that sum to pay attorney's fees. Pl.'s Notice of Award at 4.

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). And for a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In light of the developments in this case, and the authorities set forth above, the Court finds that "[s]ubstantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6)." *McGraw*, 450 F.3d at 505. Accordingly, Plaintiff's Rule 60(b)(6) Motion (Doc. No. 31) is GRANTED.

As for Plaintiff's request for $11,822.65 in fees, the Acting Commissioner has responded that she has no objection to this request. *See* Def.'s Resp. (Doc. No. 34) at 1.

The Acting Commissioner notes, however, that the Court previously awarded $5000.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, so if fees are now awarded pursuant to § 406(b), Mr. Saunders must refund the lesser award to Plaintiff. *See id.*; Order of Dec. 11, 2015 (Doc. No. 30) at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

Having carefully reviewed the Motion for Attorney Fees and supporting documentation, the Court finds that $11,822.65 is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Saunders filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's disability insurance benefits claim. *See* Doc. No. 18. The Acting Commissioner filed a brief in opposition, which Mr. Saunders was required to review. *See* Doc. No. 22; Pl.'s Mot. Att'y Fees Ex. 1, at 1. Mr. Saunders represents that he spent 27.00 hours litigating Plaintiff's disability case in federal court (not including time spent on attorney-fee issues), which would result in an effective hourly rate of $437.88 with respect to the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 32-1) at 2; Pl.'s Br. at 11-13; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and Mr.

Saunders agreed that the latter may collect attorney's fees "for representation before the court" in an amount equal to the greater of (i) 25 percent "of the past-due benefits resulting from" Plaintiff's claim, or (ii) any fee awarded pursuant to the EAJA. Pl.'s R. 60(b)(6) Mot. Ex. 1 (Doc. No. 31-1) at 1 (emphasis omitted). The requested fee award is exactly 25 percent of the past-due benefits awarded to Plaintiff and thus an amount contemplated by the written agreement between Plaintiff and Mr. Saunders. *See* Pl.'s R. 60(b)(6) Mot. Ex. 1, at 1; Pl.'s Br. at 5-6, 8.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 32) is GRANTED, and Mr. Casey L. Saunders is awarded attorney's fees in the amount of $11,822.65. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to Plaintiff's attorney: Casey L. Saunders, P.O. Box 2318, Ada, Oklahoma, 74821. Mr. Saunders shall promptly refund to Plaintiff Elizabeth Annette Garcia the $5000.00 in attorney's fees that the Court previously awarded under 28 U.S.C. § 2412. *See* Order of Dec. 11, 2015, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 7th day of July, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE